**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALEXANDER ALVARADO HERNANDEZ, | No. 25-1295 |
| Petitioner, | Agency No. A209-892-477 |
| v. | MEMORANDUM[*] |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Jose Alexander Alvarado Hernandez petitions for review of a decision by the

Board of Immigration Appeals ("BIA") dismissing his appeal of an order by an

Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, we "must uphold the [BIA] determination unless the evidence compels a contrary conclusion." *Id.* When, as here, the BIA issues a decision with its own reasoning, we review "the reasons explicitly identified by the BIA" and "the reasoning articulated in the IJ's oral decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation modified).

1.     Substantial evidence supports the BIA's finding that Alvarado Hernandez did not establish a nexus between his alleged harm and a protected ground. The record does not compel the conclusion that Alvarado Hernandez was targeted by the gang because of his membership in the alleged particular social group of immediate family members of his brother. Rather, the record supports the BIA's finding that the gang targeted Alvarado Hernandez because he refused to sell drugs. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Although the gang may know that Alvarado Hernandez is related to his brother, that fact alone does not compel the conclusion that this relationship motivated the gang to target

Alvarado Hernandez. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1021 (9th Cir. 2023) (holding the petitioner must show "that a protected characteristic motivated the petitioner's persecutor"). Because Alvarado Hernandez's failure to establish a nexus between a protected ground and his alleged past harm or feared future harm is dispositive of his claims for asylum and withholding of removal, we need not reach his remaining arguments. *Id.* at 1023.

2.     The BIA properly held that Alvarado Hernandez forfeited a challenge to the IJ's denial of CAT relief. While Alvarado Hernandez's brief before the BIA mentions the denial of "relief under the convention against torture," it makes no substantive argument challenging the denial of CAT relief. *See Matter of O-R-E-*, 28 I. & N. Dec. 330, 336 n.5 (BIA 2021) (holding that a claim is forfeited when it is not developed in a petitioner's brief).

     **PETITION DENIED**.